UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

KEYA JONES,

        Plaintiff,

vs.

RED ROCK FERTILITY DR. EVA LITTMAN,

        Defendant.

Case No. 2:16–cv–2461–APG–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

     Before the court are Jones's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Jones's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Jones's complaint be dismissed with leave to amend.

### I. Discussion

     Jones's filings present two questions: (1) whether Jones may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Jones's complaint states a plausible claim for relief. Each is discussed below.

1. Jones May Proceed *In Forma Pauperis*

     Jones's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Jones submitted a financial affidavit. (ECF No. 1). According to the affidavit, Jones has a monthly income of approximately $1,300, but has over $4,000 of debt. Jones's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Jones's application to proceed *in forma pauperis*, it must review Jones's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e).  The court's review of Jones's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2).  The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

This court lacks subject matter jurisdiction over this action. "The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. §1332. A natural person's "state citizenship is … determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Since Jones has alleged a single medical malpractice cause of action, diversity jurisdiction may be possible, but as Jones has not alleged her citizenship or Dr. Littman's citizenship, this court cannot determine if it has jurisdiction over this action.

Jones also fails to state a claim for which relief can be granted. Jones alleges that Dr. Littman committed "medical negligence" by "loading Plaintiff's body and lung with medical fluid." (ECF No. 1-1). As a result, Jones "lost wages and permanent employment." (*Id.*) Under Nevada state law, in order to state a claim for medical malpractice, a plaintiff must allege "(1) … the doctor's conduct departed from the accepted standard of medical care or practice; (2) … the doctor's conduct was both

the actual and proximate cause of the plaintiff's injury; and (3) … the plaintiff suffered damages as a result." *Mitchell v. Eighth Judicial Dist. Court of State ex. Rel. County of Clark*, 359 P.3d 1096, 1103 (Nev. 2015).  Apart from a single conclusory allegation regarding the Dr. Littman's use of medical fluid, Jones does not provide any factual context for her allegations.  Without this context, this court finds that she fails to state a claim for which relief may be granted.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Jones's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint.  (ECF No. 1-1).

IT IS FURTHER ORDERED that Jones is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Jones's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint.  The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that

the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 27th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE